ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Jul-11  13:59:52
72CV-22-1611
C04D01 : 6 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## _____ DIVISION

**CELESTINE EICHLER**                                                                                   **PLAINTIFF**

**VS.**                                             NO. _____

                                                                                                         **DEFENDANT**

**THE TJX COMPANIES, INC., d/b/a
T.J. MAXX**

### COMPLAINT

COMES NOW the Plaintiff, Celestine Eichler, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendant, states and alleges the following:

### I. RESIDENCY & PARTIES

1.     Plaintiff Celestine Eichler was at all times relevant a citizen and resident of Fayetteville, Washington County, Arkansas.

2.     Defendant, The TJX Companies, d/b/a T.J. Maxx is a Foreign for Profit Corporation licensed to do business in the State of Arkansas. Defendant's registered agent for service of process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3.     Defendant The TJX Companies, d/b/a T.J. Maxx (hereinafter "T.J. Maxx") owns, operates and does business as a T.J. Maxx retail store located at 406 E. Joyce Boulevard, Fayetteville, Washington County, Arkansas 72703.

4. The events that form the basis of Plaintiff's Complaint occurred in Fayetteville, Washington County, Arkansas.

## II. JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

6. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

7. This is a premise liability negligence action for personal injuries sustained upon Defendant's premises as described above which occurred on January 8, 2021 in Fayetteville, Washington County, Arkansas.

## IV. FACTS

8. On or about January 8, 2021, Plaintiff entered the T.J. Maxx Store located at 406 E. Joyce Boulevard, Fayetteville, Washington County, Arkansas 72703 to shop for household items she needed.

9. Defendant maintained and operated the store as a public business open to the general public, and the general public was invited to patronize said business.

10. While on the Defendant's premises, Plaintiff was at all relevant times a business invitee of the Defendants.

11. While walking through the store, Plaintiff stepped on a flat, chrome, receptacle outlet cover plate, the "outlet cover".

12. The outlet cover is a flat cover that has one screw in the middle of cover to secure it to the floor.

13. If the outlet cover is secured to the floor, it should not move or slide when it is stepped on.

14. As Plaintiff stepped on the outlet cover, the cover slid out from underneath her foot causing her to fall.

15. Included below is a picture of the outlet cover at its resting place and the receptacle that it was covering after it moved when the Plaintiff stepped on the cover.



16. Defendant did not properly secure the outlet cover to the floor so it was safe to be stepped on by Plaintiff or other customers.

17. Defendant did not give any warning to Plaintiff either verbally or through signs that the outlet cover was unsafe to step on.

18. As a result of her fall, Plaintiff sustained personal injuries and damages including, but not limited to, a shoulder injury requiring shoulder replacement surgery.

## V.  CAUSE OF ACTION NO. 1 - NEGLIGENCE OF DEFENDANT

19. All of the allegations previously pleaded herein are re-alleged as though stated word-for-word.

20. Defendant maintained the premises through its employees and/or agents. Defendant through its employees and/or agents acting in the course and scope of their employment/agency, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

21. Defendant and its employees and/or agents, acting in the course and scope of their employment/agency, were negligent in that they failed to use ordinary and reasonable care to maintain the premises in a reasonably safe condition.

22. Defendant's employees, while acting in the course and scope of their employment, were negligent in that they failed to properly secure the outlet cover to the floor so it could be safely stepped on.

23. Defendant's employees, while acting in the course and scope of their employment, were negligent in that they also failed to warn Plaintiff that the outlet cover was unsecured and was dangerous if stepped on.

## VI. CAUSE OF ACTION NO. 2 - RESPONDEAT SUPERIOR

24. All of the allegations previously pleaded herein are re-alleged as though stated word-for-word.

25. Defendant's employees'/agents' negligent acts and omissions are imputed to the Defendant, their employer/principal under the legal doctrine of *respondeat superior*, joint enterprise, and/or the principles of agency as adopted in the State of Arkansas.

### VII.  PROXIMATE CAUSATION

26. The injuries to Plaintiff and the damages suffered by her are directly and proximately caused by the negligence of the Defendant.

### VIII.  INJURIES AND COMPENSATORY DAMAGES

27. Plaintiff sustained personal injuries and damages as a result of the fall.

28. Plaintiff is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of her injuries;

   (b) the full extent of the injuries she sustained;

   (c) the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future; and

   (e) any visible results of her injuries.

29. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

### IX.  DEMAND FOR JURY TRIAL

30. Plaintiff hereby demands a trial by jury.

### X.  DEMAND & PRAYER

31. The Plaintiff demands judgment against the Defendant for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

32. The Plaintiff demands judgment against the Defendant for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

                Respectfully Submitted,
                Attorneys for Plaintiff

By:    */s/ Jake M. Logan*

                Jake M. Logan (Ark. Bar No. 2016133)
                RAINWATER, HOLT & SEXTON, P.A.
                P.O. Box 17250
                Little Rock, AR  72222
                Telephone:    (501) 868-2500
                Telefax:        (501) 868-2508